UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>    v.<br><br>RICHARD MARTINEZ,<br><br>    Defendant-Petitioner. | No. 1:14-cr-00004-NONE<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 43) |

**INTRODUCTION**

On June 21, 2016, Petitioner Richard Martinez filed a motion to vacate and correct his sentence under 28 U.S.C. § 2255. (Doc. No. 43 at 8.) On July 6, 2016, the previously assigned district judge stayed the case pending the decision in *United States v. Begay* (9th Cir. No. 14-10080), the outcome of which petitioner contended might impact resolution of the pending motion. (Doc. No. 45 at 1.) On March 6, 2017, petitioner's counsel filed a request for the court to defer ruling on petitioner's § 2255 motion for thirty days until counsel had the opportunity to review the United States Supreme Court's decision in *Beckles v. United States*, ___U.S.___, 137 S. Ct. 886 (2017), and discuss that decision with petitioner. (Doc. No. 46 at 1.) The court granted petitioner's request on March 16, 2017. (Doc. No. 47.) On April 5, 2017, petitioner filed a notice indicating that he would not be supplementing his 28 U.S.C. § 2255 briefing in light of the decision in *Beckles*. (Doc. No. 48 at 1.)

For the reasons discussed below, the court will deny petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255.

**BACKGROUND**

**A.     Petitioner's Underlying Conviction**

On September 15, 2014, petitioner pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Doc. No. 33.) On December 8, 2014, he was sentenced by the previously assigned district judge to 70 months in the custody of the Bureau of Prisons to be followed by a 36 month term of supervised release. (Doc. No. 40.)

Under the U.S. Sentencing Guidelines (U.S.S.G.), a defendant being sentenced for violating § 922(g) who was previously convicted of a felony that is a "crime of violence" is subject to an upward adjustment of their offense level under U.S.S.G. § 2K2.1(a)(4)(A). Here, the probation office's presentence report (PSR) (Doc. No. 35) determined that petitioner had suffered one prior conviction for a "crime of violence" (assault with a deadly weapon, great bodily injury likely, in violation of California Penal Code § 245(a)(1)). Thus, the PSR found that petitioner's base offense level was 20—6 levels higher than it would have been had he not previously been convicted of a "crime of violence." (Doc. No. 43) (citing PSR ¶ 12; USSG § 2K2.1(a)(4), (a)(6)).

At the sentencing hearing on December 8, 2014, the court adopted the PSR's finding as to the adjusted offense level—which included an upward adjustment due to petitioner's prior conviction for a "crime of violence"—under USSG § 2K2.1(a)(4). (*See* Doc. No. 40; PSR ¶ 12.) Four levels were also added to petitioner's offense level because eight firearms were involved in the violation of § 922(g) for which he was being sentenced. (PSR ¶ 13.) Petitioner received an additional four level increase in the offense level because one of the firearms he possessed unlawfully also had an obliterated serial number. (*Id.* ¶ 14.) With the 3-level downward adjustment for acceptance of responsibility, petitioner's total offense level was determined to be 25 and his criminal history category was determined to be III, resulting in a sentencing guideline range calling for a term of imprisonment of between 70 to 87 months. (*Id.* ¶ 22; *id.* at 13.)

Without the upward adjustment in his offense level due to his prior conviction for a "crime of violence," petitioner argues that his sentencing guidelines range would have called for a term of imprisonment of been 37 and 46 months based on a total offense level of 19 and a criminal history category of III. (Doc. 43 at 9) (citing USSG § 2K2.1(a)(6)). Petitioner did not appeal his conviction or sentence. (*Id.*) This is petitioner's first motion under 28 U.S.C. § 2255. (*Id.*)

**B.     Petitioner's 28 U.S.C. § 2255 Motion**

In his motion, petitioner argues that the sentence imposed in this case violated due process of law. (Doc. No. 43 at 9) (citing *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2551 (2015)). Under the U.S. Sentencing Guidelines, § 2K2.1A is applicable in determining the guideline range for one convicted of violating 18 U.S.C. § 922(g). As noted, that provision provides for an upward adjustment in the offense level for defendants with a prior conviction for a "crime of violence." USSG §§ 2K2.1(a)(1)–(4)). Petitioner asserts that USSG § 2K2.1 incorporates the definition for "crime of violence" from the career offender guideline under USSG § 2K2.1, comment (n.1), and USSG § 4B.1.2(a)(2) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). (Doc. 43 at 12.)

The Supreme Court has held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. The ACCA residual clause provided that a prior conviction qualified as a "violent felony" if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The definition of a "crime of violence" under USSG § 4B.1.2(a)(2) is identical to the ACCA residual clause, which the Supreme Court held was unconstitutionally vague. (Doc. 43 at 12.) Therefore, as petitioner argues, the career offender residual clause, USSG § 4B1.2(a)(2)—which applies to petitioner's sentencing enhancement under USSG § 2K2.1—is also void for vagueness. (*Id.*)

In addition to petitioner's argument that his offense level should not have been increased under § 2K2.1 because his prior conviction did not constitute a "crime of violence" after the decision in *Johnson*, petitioner asserts that his prior conviction similarly did not constitute a "crime of violence" under a categorical approach. (*Id.* at 14) (citing *Taylor v. United States*, 495

U.S. 575, 600 (1990)). The court need not reach petitioner's second argument because the Supreme Court in *Beckles* squarely addressed petitioner's first argument that USSG § 4B.1.2(a)(2) is void for vagueness.

## ANALYSIS

**A.**  *Beckles v. United States*

In *Beckles v. United States*, the Supreme Court specifically held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 895. The Court stated that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The Court reasoned that the "twin concerns" underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement—are not implicated by the Sentencing Guidelines. *Id.* at 894. Rather, "[a]ll of the notice required is provided by the applicable statutory range, which establishes the permissible bounds of the court's sentencing discretion." *Id.* The Supreme Court concluded that the Sentencing Guidelines also did not implicate a concern regarding arbitrary enforcement because they did not prohibit any conduct or establish minimum and maximum penalties for any crime, but instead merely advised sentencing courts how to exercise their discretion within the bounds established by Congress. *Id.* Therefore, the Court concluded, because the Sentencing Guidelines "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id.*

Here, petitioner argues that the career offender residual clause, USSG § 4B1.2(a)(2)—which was applied in the court's calculation of his offense level under the Sentencing Guidelines under USSG § 2K2.1—is void for vagueness under the Supreme Court's decision in *Johnson*. (Doc. 43 at 12.) Following *Beckles*, in which the Supreme Court specifically held that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a

/////

/////

4

challenge under the void-for-vagueness doctrine," petitioner's argument in this regard must be rejected.[1]

**B.     Timeliness**

The court will also briefly address whether petitioner's pending application for relief was timely filed. A § 2255 motion must be filed within a year of the date the conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The statute also authorizes the filing of a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). For the reasons discussed above, the Supreme Court has explicitly rejected the right asserted by petitioner here. *See Beckles*, 137 S. Ct. at 895. Therefore, the applicable deadline for the filing of petitioner's motion is within a year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1).

Petitioner was sentenced on December 8, 2014. (Doc. No. 40.) The court signed petitioner's judgment and commitment on December 17, 2014. (Doc. No. 41.) Petitioner did not appeal his conviction or sentence. (Doc. No. 43 at 9.) Where there is no direct appeal, a judgment of conviction becomes final 14 days after the district court enters judgment. *See* Fed. R. App. P. 4(b). Petitioner did not file his § 2255 motion until June 21, 2016. Therefore, petitioner's current motion also appears to be untimely under § 2255(f)(1). Normally, a court raising the statute of limitations *sua sponte* in relation to a § 2255 motion would be required to provide the petitioner with prior notice and an opportunity to respond with respect to that issue. *See Herbst v. Cook*, 260 F.3d 1039, 1041 (9th Cir. 2001). The court need not do so here because the petition can be and is denied on the merits. *See Pough v. United States*, 442 F.3d 959, 965

---

[1] Petitioner also argues that the U.S. Sentencing Commission's subsequent removal of the residual clause language from the applicable sentencing guideline operates as an acknowledgement that the language was void for vagueness. (Doc. No. 43 at 14.) The Commission's decision to remove this language—a decision that pre-dated the Supreme Court's decision in *Beckles*—was embodied in Amendment 798 to the 2016 Guidelines. U.S. Sentencing Guidelines Manual app. C, amend. 798 (U.S. Sentencing Comm'n Supp. Nov. 1, 2016). The amendment was specifically not made retroactive, *United States v. Adkins*, 883 F.3d 1207, 1212–13 (9th Cir. 2018), so has no bearing on petitioner's sentencing, which took place in 2014.

5

(6th Cir. 2006) (quoting *Aron v. United States*, 291 F.3d 708, 718 (11th Cir. 2002) (Carnes, J., concurring)); *see also Souliotes v. Hedgpeth*, No. 1:06-cv-00667-OWW-MJS, 2011 WL 4433098, *4–5 (E.D. Cal. Sept. 21, 2011).

Accordingly, petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255 is DENIED.

**CERTIFICATE OF APPEALABILITY**

A petitioner cannot appeal from the denial or dismissal of his 28 U.S.C. § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a 28 U.S.C. § 2255 motion (or claims within a § 2255 motion) on procedural grounds, a petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a 28 U.S.C. § 2255 motion or claims within the motion on the merits, a petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.* The court finds that petitioner has not made any showing, let alone a substantial one, of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court further finds that reasonable jurists would not find the court's assessment of petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, the court DECLINES to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, petitioner's motion to vacate and correct his sentence under 28 U.S.C. § 2255 (Doc. No. 43) is DENIED.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES DISTRICT JUDGE